PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
On November 10, 1977, The Florida Bar filed its Petition alleging:
“Respondent’s executed plea, received by The Florida Bar on October 10,1977, is a conditional guilty plea to the grievance committee report and record in exchange for a public reprimand to be published in the Southern Reporter and taxation of costs against him in the amount $262.31.
*66 “Respondent who practices in Jacksonville, Florida, was retained in August or September 1974, to represent Ted Hardie Bennafield, whose wife had filed a petition for dissolution of marriage on July 25, 1974, in Tampa, Hillsborough County, Florida. In this petition she requested child support, alimony, attorneys fees and partition of the real property. Mr. Ben-nafield paid respondent a total of $250 to represent his interests in the case. Respondent filed an answer for his client by mail on September 10, 1974, in which his client did not oppose the dissolution but contested the other matters including his ability to pay support, alleged his wife was employed and that the property had been purchased solely in his name.
“Thereafter, the respondent failed to advise his client that the case had been set down for final hearing in Tampa on December 4, 1974. Neither he nor his client attended that hearing and the court was not notified in advance they would not be present. At hearing, the court entered an order granting the requested dissolution of marriage, ordered Mr. Bennafield to transfer his interest in the real property to his ex-wife as lump sum alimony, directed him to pay $10 a week in child support for his minor child along with a $1 collection fee weekly and ordered him to pay his ex-wife’s attorneys fee in the amount of $300 and $75 for court costs.
“After entry of the court’s order on January 15,1975, Mr. Bennafield was furnished a copy of the order by respondent and also advised by the court where to pay the child support. Mr. Bennafield’s subsequent contacts with respondent proved unsatisfactory and no post judgment relief was requested through or obtained by respondent for his client. Thereafter, these proceedings arose. The grievance committee found respondent’s conduct violated Disciplinary Rules 1— 102(A), 6-101(A) and 7-101(A) of The Florida Bar’s Code of Professional Responsibility.”
The Petition for Approval of Conditional Guilty Plea is granted, and Respondent, Morgan F. Jones, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of this Opinion shall serve as the public reprimand to Respondent.
Costs in the amount of two-hundred and sixty-two dollars and thirty-one cents ($262.31) are hereby taxed against the Respondent.
It is so ordered.
OVERTON, C. J., and ENGLAND, HATCHETT, KARL and DREW (Retired), JJ., concur.